UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SYD and KARIN KELLY,                                              No. 11-10676

                        Debtor(s).
_____/

Memorandum on Objection to Late Claim
_____

      In this Chapter 7 case, the Trustee objects to claim # 39 filed by Stephen R. Hoff. Hoff concedes that his claim was filed late and that he and his counsel knew about the bankruptcy, but argues that the claim can be allowed due to excusable neglect. Hoff is mistaken on the law.

      Hoff has cited cases allowing late claims in Chapter 11 due to excusable neglect. However, the time to file claims in Chapter 11 cases is governed by Rule 3003(c) of the Federal Rules of Bankruptcy Procedure, while Chapter 7 claims are governed by Rule 3002(c). Rule 9006(b)(1) allows enlargement of time due to excusable neglect, but it is expressly not applicable to Rule 3002(c).

As the Supreme Court has explained:

> The time-computation and time-extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). See Rule 9006(b)(3); In re Coastal Alaska Lines, Inc., 920 F.2d 1428, 1432 (CA9 1990). By contrast, Rule 9006(b) does not make a similar exception for Rule 3003(c), which, as noted earlier,

1

establishes the time requirements for proofs of claim in Chapter 11 cases. Consequently, Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies.

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 389n4, 113 S.Ct. 1489 (1993). See also *In re Gardenhire*, 209 F.3d 1145, 1150 (9th Cir. 2000).

Time for filing a proof of claim pursuant to Rule 3002(c) is governed solely by that rule; Rule 9006 does not apply. Rule 3002(c) lists six exceptions to the requirement that a timely claim be filed. Since Hoff has not shown that any of the six exceptions apply, his claim must be disallowed except as a tardy claim pursuant to § 726(a)(3) of the Bankruptcy Code.

Counsel for the Trustee shall submit an appropriate form of order.

Dated: April 26, 2013

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

2